UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Jennifer Walton, | Case No. 2:24-cv-02235-CDS-EJY |
| Plaintiff | **Order Adopting Magistrate Judge's Report and Recommendation and Denying as Moot Defendant's Motion to Dismiss** |
| v. | |
| State of Nevada, et al., | [ECF Nos. 6, 9] |
| Defendants | |

      Plaintiff Jennifer Walton attempts to "remove" a Las Vegas Justice Court traffic citation to this court by filing this action, asserting violations of due process. ECF No. 1-2. Walton also applied to proceed *in forma pauperis*, so United States Magistrate Judge Elayna J. Youchah screened the pleading and determined that it was not a complaint. Order, ECF No. 3. Walton was provided the civil rights complaint form and information and instructions for filing it. *Id.* Walton timely complied, however rather than filing a properly pleaded complaint, she filed a document titled "petition for redress of grievances/cross bill." ECF No. 5. Judge Youchah again screened Walton's pleading and issued a report and recommendation (R&R) that I deny the petition with prejudice. R&R, ECF No. 9. Judge Youchah reasons that the "filing includes a series of numbered paragraphs that allege largely indecipherable facts untethered to any specific defendant or violation of law." *Id.* at 1. Walton had until March 5, 2025, to file any specific written objections to the R&R. *Id.* at 2 (citing Local Rule IB 3-2 (stating that parties wishing to object to the magistrate judge's findings and recommendations must file specific written objections within fourteen days)); *see also* 28 U.S.C. § 636(b)(1) (same). To date, no objection is filed.

Although "no review is required of a magistrate judge's report and recommendation unless objections are filed,"[1] the Ninth Circuit has instructed courts to consider the following factors in determining whether to dismiss an action for failure to comply with the court's order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

The first two factors, the public's interest in expeditious resolution of litigation as well as the court's need to manage its docket, weigh in favor of dismissal. As Judge Youchah finds, Walton's filing is frivolous and delusional, and does not state a claim upon which relief can be granted. ECF No. 9 at 2 (citing ECF No. 5 at 3). The law presumes that the public has an interest in the expedient resolution of litigation. Fed. R. Civ. P. 1; *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (presuming the public interest in expeditious resolution of litigation always favors dismissal). However, when "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery," dismissal is proper. *McHenry v. Renne*, 84 F.3d 1172, 1176, 1177–1178, 1179 (9th Cir. 1996) (affirming dismissal with prejudice of a "prolix, confusing" complaint consisting of a "rambling" narrative"). "The Federal Rules require that claims 'be simple, concise, and direct." *Id.* at 1177. That is why the court's inherent power to control its docket includes the ability to issue sanctions of dismissal where appropriate. *Thompson*, 782 F.2d at 831.

The third factor for consideration, the risk of prejudice to the defendants—albeit there is a low risk of prejudice to the defendants at this stage because they have not yet been served—also weighs in favor of dismissal. Walton's filing does not include plain statements of the allegations to put the defendants on notice of the claims against them. Instead, Walton

---

[1] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

references migrating on ancestral lands, an unlawful towing of her vehicle, and a trespass on her freedoms. R&R, ECF No. 9 (citing ECF No. 5 at 3). Walton's filing poses a risk of prejudice to the defendants because frivolous and delusional allegations do not give the defendant "fair notice and enable the opposing party to defend itself effectively." *Whitaker v. Body, Art & Soul Tattoos L.A., LLC*, 840 F. App'x 959 (9th Cir. 2021).

The fourth factor, the public policy favoring disposition of cases on their merits, always weighs against dismissal. But this case cannot move toward resolution, on the merits or otherwise, if the plaintiff fails to state a claim upon which relief may be granted. *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992) (dismissal is warranted if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief). Therefore I find that the fourth factor is greatly outweighed by the factors favoring dismissal.

The fifth factor, the availability of less drastic sanctions, also weighs towards dismissal. As noted in the R&R, Walton's petition is derived from various "sovereign citizen" theories. I agree that no amendment could save Walton's action and present a cognizable legal theory entitling her to relief. *Mackey v. Bureau of Prisons*, 2016 U.S. Dist. LEXIS 77403 (E.D. Cal. June 14, 2018) (stating that courts across the country have uniformly rejected arguments based on the sovereign citizen ideology as frivolous, irrational, or unintelligible) (internal quotations omitted); *see also United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (recommending that sovereign citizen arguments "be rejected summarily, however they are presented"). Thus, there is no lesser alternative available to denial of Walton's petition for redress and dismissal of this action.

In sum, under these circumstances, four of the five factors favor dismissal. So I adopt Judge Youchah's recommendation to deny Walton's petition for redress with prejudice. I also sua sponte dismiss this action in its entirety. *Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 638 (9th

Cir. 1988) (District courts have the authority to dismiss cases sua sponte without notice to the plaintiff when he cannot possibly win relief.).

## Conclusion

IT IS HEREBY ORDERED that the magistrate judge's report and recommendation **[ECF No. 9] is adopted in full**, and Walton's petition for redress of grievances **[ECF No. 5] is denied, with prejudice**.

IT IS FURTHER ORDERED that Ewing Bros., Inc.'s[2] motion to dismiss **[ECF No. 6] is denied as moot**.

Because this case is dismissed with prejudice, the Clerk of Court is kindly directed to enter judgment accordingly and to close this case.

Dated: March 12, 2025

_____
Cristina D. Silva
United States District Judge

---

[2] Incorrectly named as Ewing Towing Inc. ECF No. 6.